# UNITED STATES  DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **DWIGHT LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4139** |
| **JAMES LEBLANC, WARDEN** | **SECTION "A" (6)** |


## REPORT AND RECOMMENDATION


This matter was referred to the United States Magistrate Judge for the purpose of conducting

hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and

recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable,

Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the record, the Magistrate Judge has determined that this matter can be

disposed of without an evidentiary hearing.[1]  For the reasons which follow, the Magistrate Judge

---

[1]While reviewing the petitioner's federal habeas petition for this Report and
Recommendation, notice was taken of the State's failure to provide the court with petitioner's
state court records. In its Response to Habeas Corpus Petition, dated December 27, 2006, the
State argued that the presentation of any state court record would be premature because the
petitioner had not exhausted his state court claims.  Further, the State contended that since
petitioner is challenging a decision of the Louisiana Board of Parole, the pertinent record would
come from the Nineteenth Judicial Court, Parish of East Baton Rouge.  The State contacted the
aforementioned court and was informed that the petitioner did have a case on file.  The State did

issues this Report and Recommendation in accordance with the applicable law, hereby recommending that the instant application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this action, petitioner, Dwight LeBlanc, seeks relief from his denial of parole on March 16, 2005 at a parole board hearing.[2] The petitioner was a state prisoner incarcerated at the Madison Parish Correctional Facility in Tallulah, Louisiana.[3] His incarceration was the result of a conviction for possession of cocaine on July 1, 1998 and on September 23, 1998.[4] The petitioner was sentenced to ten (10) years as a second felony offender under La. R.S. 15:529.1, pursuant to a September 23, 1998 multiple bill sentencing hearing.[5]

The petitioner filed the instant federal habeas petition on September 8, 2006.[6] The petitioner admits in his Memorandum in Support of Federal Habeas Petition that he has not exhausted his state

---

provide this court with a letter of verification from the Louisiana Supreme Court, dated December 21, 2006, stating that the petitioner had not filed anything with that court since 2000, four years prior to the March 16, 2005 parole board hearing. The State therefore concluded that the presentation of any state court record in this matter would be premature as petitioner clearly had not exhausted his claims.

[2]*See* Fed. Rec. Doc. 3, Petition for Habeas Corpus Under 28 U.S.C. § 2254 dated September 8, 2006.

[3]*See* Fed. Rec. Doc. 15, Notice of Change of Address of Dwight LeBlanc, stamp dated April 23, 2007. At the time the petitioner submitted his federal habeas application, the petitioner was incarcerated at Dixon Correctional Facility in Jackson, Louisiana.

[4]*See LeBlanc v. Hubert*, 2001 WL 536303 (E.D. La.).

[5]*Id.*

[6]*See* Fed. Rec. Doc. 3.

court remedies because of a pending case in the Nineteenth Judicial District, Parish of East Baton Rouge.[7]  However, in his Objection to the State's Response, the petitioner informed this Court that the Nineteenth Judicial District, Parish of East Baton Rouge denied with prejudice his previous outstanding case on April 12, 2006.[8]  The petitioner did not seek review of the Nineteenth Judicial District's ruling by the state appellate courts.  Rather, he urges this Court to find that he has exhausted his claim "without disturbing the Louisiana Supreme Court."[9]  In the alternative, the petitioner urges the court to stay his case or allow him to resubmit his petition after his case had been reviewed by the Louisiana Supreme Court.[10]

The State asserts in its response that the petitioner's federal habeas action should be denied without prejudice for failure to exhaust state court remedies because the Louisiana Supreme Court has not reviewed the petitioner's claims.  For the following reasons, this Court agrees with the State.

## FAILURE TO EXHAUST

Petitioner's application for relief under 28 U.S.C. § 2254 is governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[11]  Pursuant to 28 U.S.C. § 2254(b)(1) and (c), a petitioner seeking habeas corpus relief is required to exhaust available

---

[7]*Id*. at 3.

[8]*See* Fed. Rec. Doc. 14, Objection by Dwight LeBlanc to State's Response to Habeas Petition dated March 12, 2007.

[9]*Id*.

[10]*Id*.

[11]*See* Pub. L. 104-132, 110 Stat. 1214.

remedies in state court before a federal court can grant habeas corpus relief.[12]  The AEDPA's

exhaustion requirement is satisfied when "the substance of a federal habeas claim has been fairly

presented to the highest state court."[13]  Generally, the exhaustion requirement is satisfied only when

the grounds urged in a federal petition were previously presented to the state's highest court in a

procedurally proper manner.[14]  A claim presented within a federal application must be the

"'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented'

requirement."[15]  "Such presentment can take place via direct appeal or state habeas proceedings."[16]

Petitioner bears the burden of proving exhaustion of state court remedies.[17]  His burden is

---

[12]Section 2254(b)(1), (c) provides in full:
(b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court *shall not be granted unless* it appears that
> (A) the applicant has *exhausted the remedies available in the courts of the State*;
> or
> (B) (I) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

...
(c) An applicant shall not be deemed to have exhausted the remedies available in the
courts of the State, within the meaning of this section, if he has the right under the law of
the State to raise, by any available procedure, the question presented. (Emphasis added).

[13]*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Whitehead v. Johnson*, 157
F.3d 384, 387 (5th Cir. 1998).

[14]*Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

[15]*Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

[16]*Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citing *Orman v. Cain*, 228 F.3d
616, 620 (5th Cir. 2000))

[17]*See Matthews v. Evatt*, 105 F.3d 907, 912 (4th Cir. 1997), *cert. denied*, 522 U.S. 833
(1997).

of a dual nature. He must first demonstrate that he has presented to the state courts a claim that is more than "somewhat similar" to the claim he presents in federal court.[18]  Second, he must demonstrate that the legal theories used to support his claim at the state level are the same legal theories he asserts in his federal application.[19]  The petitioner fails to meet his burden of proof.

When the petitioner filed his federal habeas petition with this Court, he was awaiting a ruling from the Nineteenth Judicial District, Parish of East Baton Rouge, concerning a writ of mandamus in which he alleged a due process violation resulting from the parole board's decision to deny his parole.[20]  In his Memorandum in Support of Federal Habeas Petition, the petitioner argues that this Court can review his case, even though a judgment was pending in state court, because "...pendency of a case in state court will not bar this [C]ourt from hearing federal litigation of [a] case concerning [the] same issues if [the] federal court has jurisdiction over [the] case before it."[21]  To support this argument, the petitioner cites *Trent v. Dial Medical of Florida, Inc.*[22]  The *Trent* case held that a

---

[18]*See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding that a petitioner must provide the federal court with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claim); *Picard v. Connor*, 404 U.S. 275, 277-78, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (holding that the "substance" of the federal claim must have been "fairly presented to the state courts.).

[19]*See Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("[The United States Court of Appeals for the Fifth Circuit] has consistently held that a federal habeas petitioner has failed to exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state courts.")

[20]*See* Fed. Rec. Doc. 3.

[21]*See* Fed. Rec. Doc. 3 at p. 3.

[22]33 F. 3d 217 (3rd Cir.1994).

state court's stay order is a final appealable order when the state decision would constitute res judicata as to at least the two major issues raised in the federal suit.[23]

First, the *Trent* case is inapplicable to the case at bar as it did not involve a federal habeas petition or a state court criminal matter and, in particular, did not address the issue of the federal exhaustion requirement.[24] Rather, the case involved a class action negligence suit and the issue of whether a state court decision regarding settlement conferences and discovery matters was immediately appealable.[25] Moreover, even if an applicable nexus existed between *Trent* and the instant case, *Trent* was decided in 1994 and pre-dates the application of the standards enacted with the AEDPA in 1996.[26] The AEDPA is controlling in petitioner's case thus pursuant to 28 U.S.C. § 2254(b)(1) and (c), a petitioner seeking habeas corpus relief is required to exhaust available remedies in state court before a federal court can grant habeas corpus relief. The petitioner did not seek review by the highest court in the state; therefore, his claim is not exhausted.

In his Objection to the State's Response to his Federal Habeas Petition, the petitioner notifies this Court that the Nineteenth Judicial District, Parish of East Baton Rouge dismissed his writ of mandamus with prejudice on April 12, 2006.[27] Also, the petitioner notes that he has not sought

---

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]*Id.*

[27]*See* Fed. Rec. Doc. 14, Objection by Dwight LeBlanc to State's Response to Habeas Petition stamp dated March 12, 2007.

review of this decision by the Louisiana Supreme Court, but claims that he has exhausted all state remedies known to him.[28] Further, the petitioner requests a stay or a ruling from this Court allowing him to resubmit his federal habeas petition after his claims are reviewed by the Louisiana State Court, should this Court rule that his claims are unexhausted.[29] The petitioner is actually requesting a stay and abeyance. First, this request is moot because the petitioner was released from state incarceration on December 22, 2008.[30] Additionally, even if the petitioner was currently in state custody, his request for a stay and abeyance would be denied because this remedy is only available in limited circumstances.[31] Granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts; therefore, a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims.[32] In the instant case, the petitioner argues that he has exhausted his state court remedies "to the best of his knowledge."[33] Further, the petitioner argues that his claim involves a decision of the parole board which he claims was based on arbitrary grounds.[34] He asks that this Court find his petition exhausted because it would be futile to bring his claims to the Louisiana Supreme Court when the

[28]*Id.*

[29]*Id.*

[30]See footnote 39 herein for further details.

[31]*Rhines v. Weber*, 125 S.Ct. 1528, 1531 (2005).

[32]*Id.*

[33]*See* Fed. Rec. Doc. 14, Objection by Dwight LeBlanc to State's Response to Habeas Petition stamp dated March 12, 2007.

[34]*Id.*

parole officers and the individuals capable of intervening on his behalf did not.[35]

The petitioner has failed to present this Court with good cause for his failure to exhaust his claims in order to justify the granting of a stay and abeyance. Federal law is clear that a state prisoner must exhaust all available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief.[36] A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.[37] The petitioner has not presented his case to the state's highest court and, thus, has not satisfied the exhaustion requirement.[38] By circumventing the Louisiana Supreme Court, the petitioner has failed to exhaust his claims at the state court level.

This Court's independent research via a Westlaw search fails to reveal any filings with the

---

[35]*Id.*

[36]28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In order to invoke federal judicial relief, a petitioner must first adequately exhaust his state court remedies. *See Preiser v. Rodriquez*, 411 U.S. 475, 490-92 (1973); *Ex parte Royall*, 117 U.S. 241, 251 (1886). In *Duncan v. Walker*, the Supreme Court recognized that the AEDPA's statutory exhaustion requirement, as enacted in §2254(b), ensures that state court judgments before federal courts may entertain collateral challenges to those judgments. *See* 533 U.S. 167, 178-79 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A rigorously enforced total exhaustion rule [furthermore,] will encourage state prisoners to seek full relief from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S. 509, 518-18 (1982).

[37]*Rose*, 455 U.S. at 522, 102 S.Ct. At 1205.

[38]*Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). *See also, Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

Louisiana Supreme Court by the petitioner relative to his March 16, 2005 parole board hearing. The State has provided this Court with a verification letter stating that the petitioner has not filed any writ applications with the Louisiana Supreme Court since he filed a writ, dated September 22, 2000, in Case No. 2000-K-0606.[39] Because the parole board hearing in question occurred on March 16, 2005, the petitioner's 2000 writ application to the Louisiana State Court is clearly inapplicable to the instant case. Additionally, a staff member of the undersigned Magistrate Judge contacted the Deputy Clerk of the Louisiana Supreme Court and was informed that no writ application relative to petitioner's 2005 parole board hearing was ever filed with that court. Without a ruling from the Louisiana Supreme Court, petitioner's habeas corpus petition is subject to dismissal without prejudice since he has presented the court with unexhausted claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Dwight LeBlanc for habeas corpus relief be **DENIED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[40]

---

[39]*See* Fed. Rec. Doc. 11, Response to Petition for Writ of Habeas Corpus by Defendant James LeBlanc stamp dated December 22, 2006.

[40]The court also notes that the relief which petitioner LeBlanc seeks is no longer available to him, thus rendering his petition moot. On record with this Court is a Notice of Change of Address, filed by the petitioner on April 23, 2007 listing the Madison Parish Correctional Facility as his new address. (*See* Fed. Rec. Doc. 15, Notice of Change of Address of Dwight LeBlanc, stamp dated April 23 , 2007.) Upon contacting the Madison Parish Correctional Facility, this Court was informed that the petitioner was released from state custody on December 22, 2008. Petitioner has not provided the court with his current address.

With federal relief no longer available for LeBlanc, there is no longer a  case-or controversy present, as required under Article III, Section 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[41]

New Orleans, Louisiana, this 23rd day of April, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

(1990)(citations omitted). See also, *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(Inmate's petition challenging unconstitutional parole procedures rendered moot after petitioner completed his sentence); *Holley v. Andraschko*, 2003 WL 22407416 (10th Cir., October 22, 2003)(Since the traditional function of the writ of habeas corpus is to secure release from illegal custody, habeas petition became moot when petitioner was released.)

[41]*Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).